Patterson *v*. Ingraham et al.

JOHN PATTERSON *vs.* INGRAHAM & REED.

Where a defendant in equity suffers a decree to be taken against him upon a *pro confesso* order, he cannot, in the appellate court, take advantage of the statute of limitations, although it appear, upon the face of the bill, that the time prescribed by the statute, as a bar, had elapsed.

The statute may be waived, and a party will be held to have waived it in équity, unless he shows an intention to rely upon it, by plea, answer, or demurrer.

There is no analogy between a *pro confesso* and a demurrer. By the latter, the party asserts and insists upon all his legal rights; the former more nearly resembles an answer, admitting all the charges of the bill, and claiming no defence.

IN error from the southern district chancery court; Hon. James M. Smiley, chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*James H. Maury*, for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

The single point in this case, is, whether after a decree for the complainants, founded upon a *pro confesso* order regularly taken, the defendant, upon appeal to this court, may take advantage of the statute of limitations, if it appear upon the face of the bill, that the time prescribed by the statute as a bar has elapsed. It is insisted for the appellant that this may be done, because it might be done upon a demurrer to the bill. That they are both but modes of admitting the facts charged.

We do not think the analogy holds good. Upon a demurrer, the party asserts all his legal rights, and relies upon them. The general rule is, that the statute of limitations must be set up as a defence in some way, either by plea or answer. But

in equity an exception has been made in favor of a demurrer. The statute may certainly be waived, and unless the party, by some means, shows an intention to rely upon it by his pleadings, he will be held to have done so. Suppose the bill had been answered, and no benefit of the statute invoked, could this court have interposed it? Certainly not, if the generally received doctrine on the subject is to be regarded. A *pro confesso* much more nearly resembles an answer admitting the charges of the bill, than a demurrer. When a demurrer is interposed, the party professedly stands upon all his legal rights, and cannot be deemed to have waived any. But when he answers to the merits, and does not rely on the statute of limitations, he is held to have waived it. This is the effect which, in our opinion, must be ascribed to the *pro confesso*.

The decree is affirmed.