Sessions et ux. *v.* Bacon et al.

by the record, as the counsel have insisted on no other in their briefs.

Judgment reversed, and cause remanded.

=======

E. J. SESSIONS et ux. *vs.* JOHN BACON et al.

S. and wife executed a mortgage jointly, to charge an individual debt of S. upon certain property; but the property so conveyed was, as held, the separate estate of the wife under the statute of 1839. *Held*, that the power of a *feme covert* to convey her separate property under our statute cannot be doubted, and if the power exists to make an absolute sale or conveyance, it would seem to be equally clear that she could exercise a lesser power of making a conditional conveyance or sale.

ON appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

This was a bill filed in the superior chancery court, by John Bacon and others, to foreclose a mortgage executed by Sessions and wife on certain slaves. The plaintiffs in error pleaded separately, that the property upon which the mortgage was executed on the 21st of January, 1840, was at the time, and is yet, the sole property of the wife, derived to her from her father, who died in 1838, and held by her under the married woman's law, and that the debt in the mortgage mentioned, was the debt of her husband, (E. J. Sessions;) and these pleas were set aside or overruled by the court, and the plaintiff in error appealed to this court.

*S. S. Boyd,* for appellants,

Contended, that Mr. Sessions, being a minor at the time the deed was executed, it was void, and that this court had so decided. An acknowledgment of it would add nothing to its validity. *Markham* v. *Merrill*, 7 How. 437. The various acts for the protection of married women do not, in their spirit or intent, justify the idea that any power is given to the wife, to become the security of her husband; for the policy of the

Sessions et ux. *v.* Bacon et al.

laws on that subject is to prevent the taking of the wife's separate estate to pay her husband's debts.

It is contended, that the absolute power of sale by a married woman, includes the lesser power to mortgage, and this is true, as a general rule, in regard to those whose powers are general and not limited. All we contend for is, that the court will not coerce the wife to appropriate her property to pay her husband's debts, whether her contract be by sale or mortgage.

*George S. Yerger,* for appellees,

In reply to the first point urged by plaintiffs in error, that a married woman, under the statute, had no right to mortgage her property, cited *Palmer* v. *Cross,* 1 S. & M. 48; *Davis* v. *Foy,* 7 Ib. 64; *Frost* v. *Doyle,* 7 Ib. 68; *Berry* v. *Bland,* 7 Ib. 77. These authorities, it is believed, prove that she may sell or charge her property.

If she has the right to sell absolutely her property to pay her husband's debts, then, upon the same principle, she can sell or transfer her property to secure his debts, if she pursues the form prescribed by the statute. 7 S. & M. 75–84.

A mortgage of the real estate of a wife to secure her husband's debts, if she acknowledge it separate from the husband, passes her title. 3 Wheat. 457. Where the use of the thing is given for any period, certain or contingent, the thing itself is given. Fear. on Rem. 464; 2 Murph. 137; 3 Bibb, 186.

*Guion & Baine,* on the same side, filed an elaborate brief.

Mr. Justice FISHER delivered the opinion of the court.

The only question to be decided in this case is, whether a *feme covert,* having an estate in lands and slaves, under the statute of 1839, can, by a deed executed jointly with her husband and properly acknowledged, mortgage the same to secure a debt of the husband.

Her power to convey her property in the manner pointed out by the statute, is too clear to admit of doubt. If the power exist to make an absolute sale or conveyance, it would seem to be equally clear, that she could exercise the less power of making a conditional sale or conveyance.

We therefore pronounce the mortgage valid and binding, so far as the point can be decided under the issue in the record.

The decree disallowing the plea affirmed, cause remanded, and leave to answer.