WILLIAM FOSTER vs. CHARLES F. WILCOX & others.

Where a wife joins with her husband in a lease of her lands, with covenants of quiet enjoyment, her heirs and devisees are not answerable after her death (as she would not be while living, being a married woman, and therefore not bound by such covenants) for any breach thereof.

ACTION of covenant to recover damages for a breach of covenant of quiet enjoyment given by the defendants' ancestor. The facts of the case and the defences to the action relied on by the defendants are stated in the opinion of the court.

*Hart*, for plaintiff.

*Browne*, for defendant.

DURFEE, J. This is an action to recover damages for the breach of a covenant of quiet enjoyment contained in a lease to the plaintiff, executed May 26, 1840, by Horace A. Wilcox and Sally B. Wilcox, his wife. The plaintiff was evicted from a portion of the demised premises by the holders of the rightful title, in August, 1861, during the continuance of the lease, and in the lifetime of the lessors. The action is prosecuted against the defendants as the heirs at law and devisees of the said Sally B. Wilcox. The case is tried to the court, trial by jury having been waived.

The first question presented is whether the action can be maintained, — the objection to its maintenance being that the covenant of a married woman does not bind her, and consequently cannot bind her heirs or devisees. The plaintiff's counsel admits that the action would not lie against Sally B. Wilcox, if

she were alive, but contends, nevertheless, that the covenant is not so wholly void that an action cannot be maintained for a breach thereof against her heirs and devisees. The argument seems to imply or assume that the obstacle to the enforcement of the contracts of a married woman is not her inability to contract but her immunity from suit. If this were so, however, her exemption would continue only during her coverture. Her exemption is much more absolute. The strongest cases against her subject her to liability only in case of a new provision made after she has become discovert; *Lee* v. *Muggeridge*, 5 Taunt. 35; *Franklin* v. *Beatty*, 27 Miss. 347; while a still more authoritative current of decision is to the effect that her contract made during coverture is not affirmable even by a new provision after she becomes discovert, without a consideration; *Lloyd* v. *Lee*, 1 Str. 94; *Meyer* v. *Howarth*, 8 Ad. & El. 467; *Wennall* v. *Adney*, 3 B. & P. 247, note; *Watkins* v. *Halstead*, 2 Sandf. 311; *Littlefield* v. *Shee*, 2 B. & Ad. 811; unless, at least, the consideration of the original contract was a benefit personally received by her. *Goulding* v. *Davidson*, 26 N. Y. 604.

The plaintiff's counsel refers to cases which hold that a widow is bound by the covenants contained in a lease of her lands, executed by her and her husband during his life, but not in a way to bind her, in case she accepts the rent after his death. See *Wotton* v. *Hele*, 3 Saund. (Wms. ed.) 180. But these cases, in so far as they are authoritative, do not appear to hold that the covenants have any validity against her previous to her acceptance of the rent; but only that by accepting the rent she affirms the lease and her covenants therein, and thus gives them validity. *Worthington's Lessee* v. *Young*, 6 Ohio, 313, 335. In the case at bar, it is doubtful if an acceptance of the rent could be construed to have any such effect; for, aside from the covenants, the lease is valid without any affirmation. But if it be otherwise, there has been no acceptance of any rent, since the death of Horace A. Wilcox, for that portion of the demised premises from which the plaintiff has been evicted; and certainly if an affirmation is to be implied from an acceptance of rent, it can be implied only to the extent to which the rent has been accepted.

The plaintiff's counsel refers to the cases of *Nash* v. *Spofford*,

10 Met. 192 ; and *Hill's Lessee* v. *West*, 8 Ohio, 226, which hold that a covenant of warranty in the deed of a married woman is operative against her by way of estoppel. But the courts which allow the covenant this negative efficacy do not allow it any other effect. *Fowler* v. *Shearer*, 7 Mass. 14 ; *Colcord* v. *Swan*, 7 Mass. 291 ; *Wadleigh* v. *Sutton*, 6 N. H. 17 ; and there are cases which hold that the covenant is not operative even by way of estoppel to transfer an after acquired title. *Jackson* v. *Vanderheyden*, 17 Johns. 167 ; *Den* v. *Demarest*, 1 Zab. 525, 541. And see *Wight* v. *Shaw*, 5 Cush. 56, 66.

The counsel also makes the point that a covenant for quiet enjoyment runs with the land, and is implied if it be not expressed. Doubtless this is so where the lessor is under no disability. But we do not think a covenant can be implied as a matter of law against a person who is incapable of covenanting as a matter of fact. Nor do we see how a covenant can run with the land, when it is without efficacy as a covenant. And if it can, we do not see how that helps the plaintiff ; for a covenant that runs with the land cannot run with the land after the covenantee has been evicted. In the case at bar the plaintiff, as covenantee, was evicted during the life of Sally B. Wilcox, and while she was still under coverture. The plaintiff is suing the defendants on account of that eviction, and in order to charge them with liability for it, he ought to show not only that they are the heirs or devisees of Sally B. Wilcox, but also that as such they may be held to answer for a breach of her covenant, committed while she was alive and under coverture, for which breach she herself could not be held, for the reason that the covenant was of no effect against her as a contract. The defendants cannot be so charged, upon any principle with which we are acquainted.

The plaintiff claims that the action, if not maintainable against the defendants as heirs or devisees of Sally B. Wilcox, may be maintained against them as the heirs or devisees of Horace H. Wilcox. The declaration, however, does not allege that they are his heirs or devisees. It does not even allege that he is dead. We think

*Judgment must be given for the defendants for their costs.*