MARGARET S. CLARK et al. *v.* TRUSTEES OF JEFFERSON COLLEGE.

Chancery Court — Practice — Pro Confesso Decree.

Under the provisions of section 1021 of the Code of 1871, a *pro confesso* decree may be taken at the return term, although summons is not personally served.[1]

Same — Statute of Limitations — How Availed of.

In chancery, the defense of the statute of limitations must be availed of in some mode before decree. It cannot be invoked for the first time on appeal. The same rule applies to married women.[2]

Married Women — Power to Execute Mortgage.

Prior to the Code of 1857, there was no limitation or restriction on the right of a married woman to encumber her land by the joint deed of herself and husband, properly acknowledged.

---

1

"When process shall be returned executed, or proof of publication made, the defendant shall plead, answer or demur, on or before the second day of the term, if the process of publication be returnable to a regular term of the

On the 21st day of February, 1857, Mrs. M. S. Clark and her husband, Robert Clark, executed their joint promissory note to the trustees of Jefferson College for $2,000, payable twelve months after date. To secure its payment they executed a deed of trust on land belonging to Mrs. Clark, one Oren Metcalf being the trustee. The deed of trust contained the usual power of sale in the trustee upon default. In March, 1877, the said trustees filed the bill in this case in the Chancery Court of Adams county, against these parties, praying for the foreclosure of the deed of trust to pay the debt secured by it. Summonses were issued returnable to regular term of the Chancery Court to be held on the fourth Monday of March, 1877. The process was served March 7, personally, on Mrs. Clark and Metcalf, and as Robert Clark, by handing a copy to his wife at his usual place of abode, he not being found in the county.

At the said March term a *pro confesso* decree was taken against all the defendants, and afterwards, at the same term, a final decree was rendered against them all for the foreclosure of the deed of trust. There was no answer and no proof was taken. From that decree Mrs. Clark prosecutes a writ of error, asking a reversal on the grounds that the debt showed on its face that it was barred by the statute of limitations and that the bill did not show that the debt was made for any of the objects or purposes for which a married woman could bind her separate estate.

court; and if the process of publication require the appearance of the defendant on a rule day in vacation, the defendant shall plead, answer or demur, on or before the rule day next succeeding that to which such process or publication is returnable; and if the defendant shall fail to plead, demur or answer, at the time required, as aforesaid, the complainant's bill may then, or at any time afterwards, before plea, demurrer or answer is filed, be taken as confessed against such defendant; and no *pro confesso* so taken shall be set aside, without good cause shown, supported by the affidavit of the party, or his solicitor, making the application, and to be filed in the papers of the cause, and to constitute part of the record. If the bill be taken for confessed against all the defendants, the complainant may set down the cause for hearing at the same term, and the court may make such decree therein as may be equitable." Code of 1871, § 1021. See also Code of 1880, § 1889; Code of 1892, § 549; Code of 1906, § 600.

2

Objections to the form of an affidavit and bond will not be heard for the first time in the Supreme Court. Bankston *v.* Catchings, 1 Miss. Dec. 198, and cases cited in note 1.

APPEALED from Chancery Court, Adams county, T. Y. BERRY, Chancellor.

Affirmed, February 28, 1881.

*Attorneys for appellant, T. L. Mellen, and Nugent & McWillie.*

*Attorneys for appellee, Carson & Shields, and M. Green.*

Brief of T. L. Mellen:

If the debt was for money lent by the trustees of Jefferson College to Mrs. Clark, the decree is not simply erroneous, but is fatally defective; not merely voidable, but absolutely void; the same proposition holds good if the debt was the debt of the stranger, A. Boger. On the other hand, if the debt attempted to be secured was the individual debt of her husband, then the decree was erroneous, inasmuch as it subjected the *corpus* of the estate and not only the income or the rents, issues and profits.

Accepting the rule that the pleadings are to be taken most strongly against the pleader, we would infer that the debt was the debt of A. Boger, the stranger, and that therefore the mortgage or deed in trust is absolutely void, because such a contract was unauthorized, either at common law or under our statutes.

Or, supposing the note to have been for money lent, it is likewise void.

In every suit against a married woman, two things must affirmatively appear: First—That she has separate property. Second—That the debt was such a one as she was authorized to contract. Dunbar *v.* Meyer, 43 Miss. 679.

And it is incumbent on him who asserts that the contract was about a matter in which the statute authorized her to contract, *to show it.* Hardin *v.* Pelan, 41 Miss. 112.

And a note given by her will not be binding unless it be shown to have been given in a matter in which she was authorized to contract by statute. Robertson *v.* Bruner, 2 Cush. 242; Whitworth *v.* Carter, 43 Miss. 61; Dunbar *v.* Meyer, 43 Miss. 679; Foxworthy *v.* Magee, 44 Miss. 430.

Not only must it be shown that she has separate property, but "the further fact that the contract was one she had authority to

make *must appear in the record."* Hardin *v.* Pelan; Whitworth *v.* Carter; Dunbar *v.* Meyer, *supra.*

A judgment against a married woman upon her contract, *where the record does not show a state of case in which she is authorized to contract, is void absolutely.* Griffin *v.* Ragan, 52 Miss. 78; Magruder *v.* Beck, 56 Miss. 314.

And if the record in a suit against a married woman fails to show that she has separate, or the circumstances which bind it, a sale under a judgment *nil dicit* (or decree *pro confesso*), passes no title to her land. Duncan *v.* Robertson, 57 Miss. 820.

There is no difference in these principles in a suit at law or in equity. Bank of La. *v.* Williams, 46 Miss. 618.

But should the court hold the debt to have been the debt of the husband, then the decree is voidable, inasmuch as it subjects the *corpus* of the estate instead of the income. Bevan *v.* Bacon, 44 Miss. 213.

The decree is voidable on the additional ground that the decree *pro confesso* and final decree were rendered at the return term of process, although no personal service was had upon Robert Clark.

A decree *pro confesso* can be rendered only after process has been executed. The manner of execution was not given in the chapter of the Code of 1871 relating to Chancery Courts; we must, therefore, taking the Code of 1871 as one whole law, refer to the chapter relating to Circuit Courts, and there ascertain how process is to be served and when judgments or decrees can be rendered at the return term. When we find that a judgment by default can only be taken at the return term, when *personal* service has been had on the defendants.

But, we submit, that the decree, for the reasons before given, and on the authorities cited, is not only voidable, but void; and we ask for a reversal of the decrees of the court below, and a decree here in our behalf, dismissing the bill of complainant and taxing the defendants in error with all costs.

Brief of Nugent & McWillie:

The mortgage or trust deed rests upon the homestead of the wife—her separate estate—and the debt sought to be secured was the debt of the husband. This contract the wife was authorized to make so as to bind the *corpus* of the estate prior to the Code of 1857. 23 Miss. 273; 30 Miss. 440; 35 Miss. 105; 9 S. & M. 144.

But the note secured by the deed was not a valid engagement on the part of the wife; it was, in effect, an absolute nullity. Not being an existing thing so far as the wife was concerned, her pretended acknowledgment of the note as a debt in 1869 gave it no higher or better dignity than it possessed before, and this *written memorandum* was not potential to arrest the statute of limitations. On the 8th of March, 1871, the husband acknowledged the debt as shown by the note and promised to pay it, and his wife signed the written memorandum with him. The note in controversy matured February 21, 1858, and the statute of limitations had been running three years, ten months, and ten days when the act was passed suspending it. It was again set in motion April 2, 1867, and the note was hence barred by the statute of limitations when the husband re-acknowledged and promised to pay it on the 8th day of March, 1871, nearly four years afterwards. In this point of view, the very important question arises as to the efficacy of the mortgage, and whether it could be revived by this act. In other words, when the debt of the husband was once barred, was not the wife's mortgage of her homestead, *ipso facto,* released?

Prior to the Code of 1857 the mortgagee would be entitled to foreclose unless the remedy on the mortgage, as a distinct instrument, was barred, or say unless ten years had elapsed from and after the maturity of the mortgage debt. If this rule was applied, the complainants had no right to a foreclosure, because of the lapse of more than ten years from the maturity of the mortgage debt, and the bill should have been dismissed. But, we contend, that the Code of 1857 is applicable to this branch of the controversy, and hence, that the mortgage is barred when the debt it purports to secure is barred. If this be so, the debt as to the husband was barred and the mortgage barred in 1870. The wife's separate estate was relieved from the encumbrance and her homestead discharged from the lien thereby created, so that legally it imported no sort of liability upon the wife. Is it possible in such case for the husband, by any new promise, to revive the mortgage and make it efficient as a charge upon the wife's home? If the property was his, and the debt, it is not perceived that there could be any reason, in view of the provisions of our Code of 1857, for saying that the execution of a new mortgage was necessary. It is a mere security; an incident to the debt by which it is

wholly controlled. But the case is different when the wife's separate estate is sought to be sequestered; a third party is to be the sufferer and the property of another reached.

There is another and better reason for this view; it is found in the fact that under the Code of 1857 the *corpus* of the wife's property could not be mortgaged for the husband's debt. If the acknowledgment of the note by the husband revived the mortgage, it certainly could not revive it to an extent beyond that allowed by law. In other words, it must be considered just as if a new mortgage had been given for a new debt of the husband. If this be true, the decree for the sale of the wife's homestead was improvidently granted. But it is said there was a *pro confesso*. We reply that the complainant could only have such relief as the facts of the case entitle him to in the judgment of the court. Spears *v.* Cheatham, 44 Miss. 72; Ramsay *v.* Barbaro, 12 S. & M. 297; Garland *v.* Hull, 13 S. & M. 78.

But it may be said that we cannot take advantage of the statute of limitations, which must have been pleaded. We reply that this would be the rule as to the husband, under the case of Patterson *v.* Reed, 23 Miss. 87.

But the Codes of 1857 and 1871 expressly provide that the courts shall suffer no judgment to go against a married woman or her property, unless the liability of her separate estate be first *established.* Code 1871, § 1783.

It was patent, on the face of the bill, that the debt sought to be charged upon the wife's separate estate was barred. In other words, the non-liability of the estate was apparent; it was not established that the estate should be charged; and the bill should have been dismissed. If, on the contrary, the acknowledgment of the husband revived the mortgage, the rents of the estate could only have been decreed in favor of the appellees. Smith *v.* Townsend, 25 N. Y. 479; Wilcox *v.* Todd, 64 Mo. 388; Spear *v.* Wau, 20 Cal. 659; Bank of Albion *v.* Burns, 46 N. Y. 170; Leading Cases in Equity, 1922, and cases cited.

Brief of Carson & Shields:

Under the state of facts it seems to us that but two questions can arise in this court. Did the Chancery Court have jurisdiction of the subject matter of the suit, and did it have jurisdiction of

the persons of the defendants thereto? We think that both questions should be answered in the affirmative.

The bill was filed to treat the said deed in trust as a mortgage, and to foreclose it. This court has settled it, that it was competent for the appellees to do so. The appellants, as defendants thereto, were in court, by due process of law, and no plea, answer, or other defense having been made, a *pro confesso* was taken as to both; and a decree of foreclosure thereafter. What is there, then, left for this court to review? The appellant was estopped by the *pro confesso*. Every material allegation of the bill is thereby confessed. The allegations therein made and averred contain and cover all that is material for appellants to maintain—the making of the promissory note, and its several renewals, the coverture of the appellant, Margaret S. Clark, her ownership of separate property, and her legal ability under the then existing laws of this State to bind her separate estate, by deed in trust, or mortgage, as a security for the debts of her husband. Under the *pro confesso,* the defendants below, appellants, stand exactly as they would if they had filed their answer in the Chancery Court, admitting every allegation of the bill. This point, we think, has been settled by this court in the case of Patterson *v.* Ingraham & Read, 23 Miss. 87, where, after *pro confesso* taken below, and the case brought into this court, the defendant below sought to set up the defense of limitation of the action, which plainly appeared by the record; yet the High Court of Errors and Appeals say: "Suppose the bill had been answered and no benefit of the statute invoked, could this court have invoked it? Certainly not, if the generally received doctrine on the subject is to be regarded. A *pro confesso,* much more nearly resembles an answer admitting the charges of the bill, than a demurrer. When a demurrer is interposed the party professedly stands upon all his legal rights and cannot be deemed to have waived any. But when he answers to the merits, and does not rely on the statute of limitations, he is held to have waived it. This is the effect which, in our opinion, must be ascribed to the *pro confesso.*"

But, as an effort may be made to raise objections here which, we contend, could only have been made by plea, answer or demurrer in the lower court, we will endeavor to meet such objections. We understand that one of the positions which the appellants will assume is, that Mrs. Clark, being a married woman, could not

mortgage the *corpus* of her estate to secure the payment of the separate debt of her husband. We do not, at all, admit that the debt secured by the deed in trust in this case was the separate debt of the husband; it does not so appear from the record. But admitting, for argument, that it was so, yet we contend that at the time this debt was created and the deed in trust to secure it was made and delivered, Mrs. Clark, notwithstanding her coverture, could bind her separate property for the debt of her husband. This court will notice that this deed in trust was made on the 21st of February, 1857; that, under the decisions of this court, presently to be cited, a married woman could convey her separate property by deed in trust, or mortgage, to secure the debt of her husband, both under the married woman's law of 1839 and the amendment thereof of February 28, 1846 (Hutchinson's Code, p. 498, § 6), and that it was not until the *1st of November, 1857,* when the Code of 1857 took effect and became the law, that a married woman could only bind or incumber her property to the extent of the income thereof for her husband's debts.

It has been repeatedly decided by this court that a married woman could, under the above quoted Acts of 1839 and 1846, bind the *corpus* of her separate property by deed in trust or mortgage, duly executed, as a security for her husband's debts. James *v.* Fisk, 9 S. & M. 144; Bacon *v.* Sessions, 23 Miss. 272; Stone et al. *v.* Montgomery et al., 35 Miss. 83; Whitworth *v.* Carter, 43 Miss. 73; Hyde et al. *v.* Warren et al., 46 Miss. 13.

The deed in trust and notes in this case, were made by Mrs. M. S. Clark and husband, more than eight months before the Code of 1857 took effect, and the debt was kept alive by the renewals thereof. The deed in trust, or mortgage, exists and is in force as long as the debt is kept alive. It may be objected that the promissory note does not, upon its face, provide for its renewals. We answer, that the deed in trust does, in express terms, provide for the payment of any renewals of the note, if it should be renewed. That it was competent for them to do so, and that that deed in trust also continued in force as long as the debt it was taken to secure. We refer on both points to the case of Morse *v.* Clayton, 13 S. & M. 380.

In conclusion, and by way of recapitulation, we say:

First—As to the husband, Robert Clark, the writ of error is barred by the statute of limitation of three years. Code 1871, § 2161.

Second—As to Margaret S. Clark, the *pro confesso* is a complete estoppel as to her; for in the language of the court, is just as though she had filed an answer admitting every material allegation of the bill. It will be noted that the last renewal of the note was March 8, 1871, and the bill to foreclose was filed March 6, 1877, less than six years.

Third—But even admitting her right to set up defenses now, which is too late, still there is no error apparent upon the record. The mortgage or deed in trust, is to be construed under the law in force at the time of its creation. The law in force at its date were the Acts of 1839 and 1846 as to the power of married women. The Act of 1846 was approved February 28, 1846, and went immediately into effect.

The deed in trust of Margaret S. Clark and husband to Jefferson College was made 21st of February, 1857, and recorded March 2, 1857, eight months before the 1st of November, 1857, when the Revised Code, limiting the right of the wife to bind the *corpus* of her estate, went into effect. The transaction, therefore, is governed by the law of 1846.


Brief of M. Green:

Mr. Mellen misses the point of the case when he argues it upon the theory that the Code of 1857 applies. The deed of trust was made prior to the Code of 1857 taking effect, and hence the Code has no application. Under the Acts of 1839 and 1846, a *femme covert* could bind the *corpus* of her estate for the debt of her husband.

Again, it is error to argue that the debt was the debt of the husband, for no such fact is disclosed by the record.

The proceeding was to foreclose a mortgage (deed of trust) made by a *femme covert* and her husband under the Acts of 1839 and 1846. There was regular personal service on Mrs. Clark, and *pro confesso* and final decree. From this, Mrs. Clark alone appeals. The petition for writ of error recites that the husband was joined for conformity. The three years' limitation barred his writ.

Under the Acts of 1839 and 1846, the bill stated a good cause of action to bind the *corpus* of her estate. If the note was void, it was at least a good memorandum of the amount due. It is alleged by the bill that she owes that amount and it is confessed by the

*pro confesso.* Thus we have a valid mortgage and an admitted debt. This would support the decree at all hazards.

But it is said that the decree *pro confesso* against a married woman is void. This court has decided the contrary. Rawlings *v.* Sanford, Op. J., p. 586.

But Messrs. Nugent and McWillie contend that, conceding the mortgage bound the *corpus* of her estate, which they admit, still that the note is barred by the statute of limitations. Conceding the fact, for the sake of argument, that it is barred, can she here be permitted to avail of a defense which she did not make in the court below? The statute of limitations *must be pleaded.* Angell on Limitations, §§ 285, 286.

It must be set up affirmatively in equity. Patterson *v.* Ingraham, 1 Cush. 87; Mitchell *v.* Woodson, 37 Miss. 567; Wilkinson *v.* Flowers, 37 Miss. 579.

He must show the particular statute of limitation that he relies on, even though the bill shows on its face that the time prescribed by the statute has elapsed. Wilkinson *v.* Flowers, *supra.*

The defendant did not plead at all in the court below, and now for the first time insists on injecting into the record a defense not made below. This cannot be done, both for the reason that the statute of limitations must be set up affirmatively, and that this court will not notice defenses not made in the court below. *Non constat* if the statute had been pleaded it could have been avoided. But the fact is, that the wife joined in every new promise that was made, and if not bound by her contract, she is by her frauds, and it would be a fraud upon defendants in error to lull them to rest by a new promise, and by this gain the very time that she proposed to use as a bar to their right. * * *

The rule with regard to married women is not different from other persons in regard to pleading the statute of limitations.

But it is said that no decree can pass until the liability of the separate estate is first established. Code 1871, § 2173. This, I submit, was done. The mortgage was valid and the debt admitted and the debt was secured by the mortgage. Thus, the liability of the property was established. The argument of counsel concedes this when they seek to reverse here alone on the statute of limitations. This is a confession of the debt, but affirmative matter to avoid. If the mortgage, note, and *pro confesso* did not establish the liability, it would be hard to establish any liability;

for the only means of establishing liability is either by confession or proof, and the highest state of proof only amounts to an admission.

OPINION.—CAMPBELL, J.:

A *pro confesso* may be taken at the return term, although the summons be not *personally* executed. Code of 1871, § 1021. Section 632 of same Code does not apply to Chancery Courts.

The defense of the statute of limitations must be availed of in some mode by the defendant, before a decree, and cannot be invoked for the first time by appeal. Patterson *v.* Ingraham, 23 Miss. 87; Archer *v.* Jones, 26 Miss. 583; Wood *v.* Ford, 29 Miss. 57; Wilkinson *v.* Flowers, 37 Miss. 579.

In this respect, there is no difference between a married woman and any other adult defendant. As a party to a suit she is subject to the same rules which affect others. James *v.* Fisk, 9 S. & M. 144; Rawlings *v.* Sanford, Ms. Opinion.

The deed of trust, the subject of this suit, was executed before the Code of 1857, and where there was no limitation or restriction on the right of a married woman to encumber her land by the joint deed of herself and husband, properly acknowledged. Sessions *v.* Bacon, 23 Miss. 272; Russ *v.* Wingate, 30 Miss. 440; Stone *v.* Montgomery, 35 Miss. 83.

Therefore the bill presents a case which (if unaffected by the statute of limitations) entitled the complainant to a decree for the sale of the land embraced in the deed of trust. As stated above, the case is not to be reviewed with reference to the statute of limitations, which was not set up as a defense by demurrer, plea or answer, and the decree rendered is correct, and it is

*Affirmed.*