## J. W. HINES *v.* F. B. POTTS, A LUNATIC.

1. TRUST AND TRUSTEE. *Trustee's contracts. Trust estate.*
   Generally, the contracts of a guardian, or other trustee, bind himself personally, and do not bind the estate he represents, or subject it to an action.

2. SAME. *Subrogation in equity. Action at law.*
   One whose money has discharged claims against a trust estate, which it was

bound to pay, is substituted in equity to the rights of the holder of such claims, but cannot maintain an action at law against the trust estate or *cestui que trust.*

3. LUNATIC. *Money loaned guardian.*
 No action can be maintained against a lunatic for money received by his guardian, without an application of it to the use and benefit of the lunatic.

4. SAME. *Contracts void. Action against.*
 A lunatic has no power to make an express contract, and an action upon such contract is not maintainable against him. And the law will only imply a contract for him where it is necessary.

5. SAME. *Debt due before lunacy.*
 An action at law is maintainable against a lunatic to recover a debt due from him before he became a lunatic.

6. PLEADING. *Statute of Limitations. How availed of.*
 The bar of the Statute of Limitations cannot be availed of by a demurrer to the declaration, even though the cause of action set forth may appear to be barred; but the bar must be pleaded, so that the plaintiff may have an opportunity to avoid it by replication.

7. SAME. *Demurrer. One count in declaration good.*
 It is erroneous to sustain a demurrer to a whole declaration, one count of which is good.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

The case stands on demurrer to the declaration, which contains the six counts mentioned in the opinion of the court.

*Manning & Watson,* for the plaintiff in error.

1. If any one of the six counts of the declaration presents a good cause of action, the judgment sustaining the demurrer must be reversed. *Newell* v. *Newell,* 5 Geo. 385; *Guion* v. *Doherty,* 43 Miss. 538.

2. A suit at law can be maintained against a lunatic under guardianship. *Aldrich* v. *Williams,* 12 Vt. 413; *Clarke* v. *Dunham,* 4 Denio, 262; *Thacher* v. *Dinsmore,* 5 Mass. 300; *Ex parte Leighton,* 14 Mass. 207; *Walker* v. *Clay,* 21 Ala. 797; *Amos* v. *Taylor,* 2 Brev. 20; *McCreight* v. *Aiken,* 3 Hill (S. C.), 337. Our Code, recognizing this law, provides for service of process on the lunatic. Code 1871, sects. 705, 1245.

3. The first three counts of the declaration allege that the money paid the guardian was applied to the payment of the

just debts of the lunatic, contracted before lunacy. The plaintiff is, therefore, entitled to be subrogated to those creditors' rights. Code 1871, sect. 1244. The Circuit Court has jurisdiction to make this substitution. *Carpenter* v. *Bowen*, 42 Miss. 49; *Viser* v. *Scruggs*, 49 Miss. 710; *Dibrell* v. *Carlisle*, 48 Miss. 691; *Ashly* v. *Ashly*, 7 Barn. & Cress. 444; *Predo* v. *Hunbron*, 8 Mee. & W. 873; *Montgomery* v. *Armstrong*, 5 J. J. Marsh. 175. The money was used to free the lunatic's land from clouds and adverse titles. The guardian, in obtaining and thus using the money, acted within the scope of his authority. Schouler's Dom. Rel. 461, 462; *The State* v. *Fortenberry*, 54 Miss. 319. The law implies a contract on the lunatic's part to refund the money. *Ex parte Northington*, 37 Ala. 496. It is clear that this lunatic has $500 belonging to the plaintiff, and he has no more right to keep it, crazy, than he would sane. The third count differs from the former two, in alleging that the money was used to buy necessary family and plantation supplies for the lunatic. This was within the guardian's powers. He was to cultivate the plantation and support the family.

4. The fourth count is for the receipt of the money by the guardian, for purposes within the scope of his agency.

5. The sixth count is for a debt contracted by Potts *prior* to his lunacy. The decision sustaining the demurrer as to this count is contrary to reason and the unbroken chain of authority. The Statute of Limitations, which is relied on to defeat this count, must be pleaded, and cannot be taken advantage of by demurrer. Ang. on Lim., sect. 285, and note; *Wilkinson* v. *Flowers*, 8 Geo. 579; *Wood* v. *Ford*, 7 Cush. 57; *Archer* v. *Jones*, 4 Cush. 583.

*E. M. Watson*, of counsel for the plaintiff in error, argued the case orally.

*Watson & Smith*, for the defendant in error.

1. The first four counts are to recover on the promise, express or implied, of a lunatic. Such express *assumpsit* would be absolutely void. Such implication will not be made

at law. *Pearl* v. *McDowell*, 3 J. J. Marsh. 659 ; 3 Bac. Abr. 539 ; *Ex parte Northington*, 37 Ala. 498 ; *L'Amoureux* v. *Crosby*, 2 Paige, 422. For necessaries alone an obligation will be implied ; but the declaration proceeds on no such theory.

2. The fifth count being abandoned, and the sixth barred on its face by the Statute of Limitations, leaves only the first four counts to discuss. The doctrine of subrogation can only be invoked in equity. *Evans* v. *Robertson*, 54 Miss. 685. The authorities cited by plaintiff's counsel to show that courts of law will enforce the doctrine of subrogation, do not sustain him in his position. *Viser* v. *Scruygs*, 49 Miss. 710, was a suit in chancery, as was also the case of *Dibrell* v. *Carlisle*, 48 Miss. 691, 710. In the latter case, the court say : " *The most appropriate remedy of Carlisle & Humphrey will be found in a court of equity*, in which an account can be taken of what portion of the note secured by the mortgage was for supplies for Mrs. Walker's plantation, and what part of the money was advanced by them for the purchase of such supplies, and was actually so applied, and what part was used by Walker for his own purposes." 48 Miss. 708. In *Shacklett* v. *Polk*, 51 Miss. 390, nothing is said about the doctrine of " subrogation." The payment of money to the guardian of a lunatic by a third party, either as a loan to the guardian, or by mistake, or upon any account whatever, and the subsequent use of the money by the guardian in payment of the debts of the ward, contracted before lunacy, or by his guardian subsequently, will not, upon any principle of law or equity, bind the ward's estate, or give rise to a cause of action against him. A guardian is in control of no fund belonging to his ward which he can use at his own discretion, save the income of his ward's property. *Sample* v. *Lain*, 45 Miss. 558 ; *Wiggle* v. *Owen*, 45 Miss. 695 ; *Dalton* v. *Jones*, 51 Miss. 585. The committee of a lunatic's estate will not, in general, be allowed any sums of money which he has expended, unless under an order of the court. Shelf. on Lun. 201 ; 11 Ves. 396–398. Had the debts of the lunatic which plaintiff's

money paid been in judgment against the lunatic, even then his guardian could only have paid them under the direction of the Chancery Court. *In the matter of Heller*, 3 Paige, 200 ; *In the matter of Hopper*, 5 Paige, 489 ; *Robinson* v. *Lane*, 19 Wend. 650.

*J. H. Watson*, of counsel for the defendant in error, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It is the settled doctrine of this court that the contracts of a guardian, or other trustee, bind himself personally, and do not so bind the estate he represents as to subject it to an action.

The circumstances under which one dealing with such a trustee may resort to the trust estate are indicated in the cases of *Woods* v. *Ridley*, 27 Miss. 119 ; *Short, Admr.*, v. *Porter*, 44 Miss. 533 ; *Clopton* v. *Gholson*, 53 Miss. 466 ; *Norton et al.* v. *Phelps*, 54 Miss. 467. These illustrate two classes of cases, — the two former belonging to one, and the other two to another. The case under consideration, as set forth in the first three counts of the declaration, presents facts which entitle it to be assigned to the first-mentioned class, — *i.e.*, where a recovery is sought because the money of the party seeking the recovery was applied to the payment of valid claims against the estate from which the recovery is sought. In such cases, the person whose money has discharged claims against the trust estate, which it was bound to pay, is substituted to the rights of the holders of such claims, before their payment, in order to effect justice. But it is only in a court of chancery that this just doctrine has yet found a home.

The first three counts of the declaration are not maintainable. They seek a recovery against the lunatic because of the receipt of money of the plaintiff by the guardian of the lunatic, and its application to the payment of valid debts of the lunatic, contracted before his lunacy. An action at law can be maintained only upon a contract, express or implied, of the

lunatic. He is incapable of an express contract, and the law implies one for him only to the extent necessary.

No promise of the guardian could render the lunatic liable to an action. He would bind himself alone by such promise. *Dalton* v. *Jones*, 51 Miss. 585 ; *Thatcher* v. *Dinsmore*, 5 Mass. 299. If the express promise in writing of the guardian, as such, would not have bound the lunatic, nor entitled the promisee to maintain an action against the lunatic, how can it be said that his receipt and use of the money for the lunatic gives an action? Manifestly, it is not on the receipt of the money by the guardian that the right of action in the first three counts is based, but on his subsequent application of it to the debts of the lunatic. In other words, it is not upon contract, express or implied, that the action rests, but on the equitable principle of substitution, to avail of which resort must be had to a court of chancery, the party having no rights in this action at law, except as arising from a contract, express or implied, which is not disclosed by the first four counts of his declaration.

The fourth count depends for its sufficiency on the receipt of the money by the guardian, without an application of it to the use and benefit of the lunatic. It follows, from what has been written above, that this count is insufficient.

The counsel for the plaintiff in error claims that the case of *Shacklett* v. *Polk*, 51 Miss. 378, is an authoritative precedent for maintaining the first three counts. In that case it was announced, as it has been in several other cases, that while a married woman has not power to borrow money, yet, if money loaned to her is used by her for any of the purposes for which she has legal capacity to contract, a recovery may be had to the extent of such use, because to that extent she has capacity to contract. Her contract is thus sustained to the extent that she had power to make it. But the lunatic had no power to contract, and hence an action upon contract is not maintainable against him.

The fifth count of the declaration has been abandoned.

The sixth count, for goods sold the lunatic before his lunacy, is a good cause of action. An action at law is maintainable against a lunatic to recover a debt due from him before he became one.

It is urged that this count is barred by the Statute of Limitations. We cannot express an opinion as to this, because the bar of the Statute of Limitations cannot be availed of by a demurrer to the declaration, even though the cause of action set forth may appear to be barred. The Statute of Limitations must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it.

The sixth count being good on demurrer, and the demurrer being to the whole declaration, the judgment sustaining it must be reversed, and the cause remanded for further proceedings in accordance with this opinion and the law.