R. E. PALMER *et al. v.* M. P. LOWERY.

**Trust Estate — Not Chargeable with the Personal Debts of the Trustee.**

> The mere fact that the father, who holds an estate, as trustee, for the benefit of his children, to be appropriated to their maintenance and education, has incurred a debt for the education of one of the beneficiaries, is insufficient to establish a charge of the trust estate.

R. Palmer executed a deed to appellant, R. E. Palmer, as trustee, for the benefit of his children: " To hold during his natural life for the benefit of his natural heirs   *   *   *   giving the said R. E. Palmer the right to cultivate, lease, or sell the same as the interest of his said heirs may require in the opinion of said R. E. Palmer and the proceeds arising from such cultivation, leasing, or sale shall be applied by him to the support, maintenance, and education of his said heirs."

R. E. Palmer had several children and sent his eldest daughter to the school of appellee Lowery, and only paid part of her board and tuition, and after the session was over he gave his note to Lowery for the balance. The note was not paid when it fell due and Lowery filed the bill in this case in the Chancery Court of Tippah county against R. E. Palmer and his children, seeking to fix the balance due on the note as a charge on the trust estate. From a decree granting the relief sought and subjecting the *corpus* of the estate to the payment of the note this appeal was taken by the defendants.

---

1.

A court of equity in determining upon an application to order a sale of the corpus of a trust estate, which the trustee is authorized in his discretion to appropriate to the maintenance and support of the beneficiaries, will look with favor upon the claims of those who have supplied the beneficiaries with necessaries which could not be procured by the proceeds of the estate; but it will refuse its aid to secure enforcement of improvident contracts and extravagant purchases made by the *cestui que trust*, even if they were sanctioned by the trustee. Prewett *v.* Land, 36 Miss. 495.

While, ordinarily, the contracts of a guardian or other trustee bind him personally and not the estate he represents, one whose money has discharged debts against a trust estate, which it is bound to pay, will, in equity, be substituted to the rights of the holder of such debts, but the right cannot be enforced by action at law. Hines *v.* Potts, 56 Miss. 346.

APPEALED from Chancery Court, Tippah county, A. B. FLY, Chancellor.

Reversed and remanded, January 28, 1884.

*Attorneys for appellant, W. A. Crum and Watson & Thurmond.*

*Attorney for appellee, Thos. Spight.*

Brief of Watson & Thurmond:

The appellant, R. E. Palmer, sent his eldest daughter to appellee's school; some time after the close of the session the appellant gave his note to appellee for the balance due for board and tuition; on this note a payment of $50 was made by appellant.

Such being the facts, appellee filed his bill asking that the balance due on said note be made a charge on a certain tract of land, which had been conveyed to said R. E. Palmer in trust for the " support, maintenance, and education " of his children.

The contract on the part of Palmer for the board and tuition of his daughter was a purely personal one. It is the duty of the father to educate his child, even though the child may have property in his or her own right, and until the contrary is shown, the father will be held personally bound for the board and tuition of his child. The proof of both Lowery and Palmer is that no reference was ever made to trust property held by Palmer for his children until after Palmer had given his note in the premises. That Palmer was personally bound for this debt is undisputed, and there is no evidence tending to prove that when the contract for the board and tuition of Palmer's daughter was made, either Lowery or Palmer was looking to the trust property.

The attention of the court is specially called to the brief of our associate counsel, Mr. Crum.

Brief of W. A. Crum:

The demurrer should have been sustained. Granting all that is claimed upon the face of the bill, there is no equitable claim therein shown as against the trust estate and the beneficiaries thereunder. No credit was extended either to the trustee nor the beneficiary, Ossie, upon the faith of the trust property, nor was it in any way benefited by the service performed by com-

plainant in the bill; but, conceding that a credit was given upon the faith of the trust estate, and a lien thereby created, "the moment complainant took the trustee's note bearing interest for the money, it was, as to the trust estate, a complete payment." Pettibone *v.* James, 3 Cush. 500.    *    *    *

The bill shows that her father is "wholly insolvent," and that there is a *small* estate held in trust, for the "support, maintenance, and education" of *seven* beneficiaries.   In this view of the case, the court could not, "having regard for their future situation, prospects, and destination," make the education of one of the beneficiaries a charge against the trust estate, to the injury, perhaps total destruction of the rights of. all the other beneficiaries.   Code 1880, § 2109.

This is what this bill proposes to do.   It discloses the insolvency of the father, the existence of a small estate, does not disclose the probable value, may, or may not, be sufficient even by a sale of the *corpus* of the estate to pay the demand of the complainant, shows that there are six other beneficiaries under the trust, all minors, who are to be "supported, maintained, and educated by the fund arising from the cultivation, leasing, or sale of the trust estate," and yet asks the court to ignore the existence of all the *cestuis que trustent* save one, and apply the whole, if so much be necessary, to pay the charges of the president of Blue Mountain Female College, against *one* to secure the payment of an alleged debt *improvidently and unnecessarily* incurred.    *    *    *

Let us suppose that R. E. Palmer, the trustee, had sold the land, as under the deed he had the power to do, and had given the whole of it, or attempted to give the whole of it to the "support, maintenance, and education" of his daughter Ossie.   Will any one pretend that this would not be a breach of the trust committed to him, and would not a court of equity lend its aid in behalf of the other six children?   Yet this is just what this bill seeks to do.

The Chancery Court had no jurisdiction, it being the individual contract of R. E. Palmer.    *    *    *

Such contracts or engagements can give the court no jurisdiction to render a decree against him.   Prewitt *v.* Land, 36 Miss. 509.

The demand is purely a legal demand, having no more equity

than any other legal demand. Hence, admitting the trust estate in the hands of R. E. Palmer to be equitable assets, in order to reach these assets the creditor must have reduced his demand to a judgment at law, else he could not invoke the aid of a Court of Chancery. Farned v. Harris, 11 S. & M. 371. * * *

But suppose the parties are without remedy at law. They must show, first, that there are now, or were, at the time of filing the bill "proceeds," arising "from the cultivation, leasing, or sale of the land" in the hands of R. E. Palmer, else no decree could be rendered. No such showing is made by the bill.

Second. "In presenting themselves here, they must show a case in which it would have been the *duty* of the trustee to sell the property" (for the benefit of the child, Ossie? No. But) "*for the benefit of all* the children. They cannot ask a court of equity to do what the trustee rightly refused to do. What necessity is shown to have existed? Prewitt v. Land, 36 Miss. 508. * * *

Failing to disclose any "proceeds" in the hands of the trustee, the bill was defective — fatally so — and the demurrer should have been sustained and bill dismissed.

In no event could the trustee, by his personal contract, charge the trust estate. Persons who deal with the trustees do so at their own peril. Vernon v. Board of Police, 47 Miss. 181; Dizier v. Freeman, 47 Miss. 647.

Contracts of trustees bind only themselves. Hines v. Potts, 56 Miss. 346.

An agent employed by a trustee has no lien upon the trust estate. Fearn v. Mayers, 53 Miss. 465.

For what was this trust executed? To "support, maintain, and educate" the beneficiaries. Now, can it be claimed that Lowry, the complainant in the court below was anything more than the agent of the trustee? I think not. * * *

While trustees have a lien on the trust fund for all costs legitimately incurred by them in its administration, this privilege does not extend to agents employed by them, but such agents must look alone to the trustee for their reimbursement. Hill on Trustees, 567; 2 Perry on Trusts (2d ed.), § 907; Jones v. Lawson, 19 Ala. 672.

On this point I also cite Clopton v. Gholson, 53 Miss. 471, and cases there cited as conclusive of this matter.

Norton v. Phelps, 54 Miss., may be cited and relied upon by counsel, but the principle there announced can have no applica-

tion here; for in that case there had been advancements or expenditures *for the benefit of the trust estate.* This court, after citing and reaffirming the case of Clopton *v.* Gholson, *supra,* say: "But while this is the rule, there are exceptions to it, and where expenditures have been made for the benefit of the trust estate, *and* (not or) it has not paid for them, directly or indirectly," then there is a relaxation of the general rule. Certainly it will not be claimed that appellee Lowry, has made any expenditures for the benefit of the trust estate, and if he has not, or if the bill does not show such to be the case, he can claim no exemptions from the general rule. No such thing is charged.

"In granting a decree for the sale of the *corpus* of the trust estate" there is not only no equity; but is in the face of all equity. "Equity in its true and genuine meaning, is the soul and spirit of all law; positive law is construed and rational law made by it. It is synonymous with justice; in that, to the true and sound interpretation of the rule." Story Equity Jurisprudence, § 6.

Thus defined, let us apply it to this case as made by complainant's bill. Here is a trust estate for the equal benefit of seven children. One of them contracts (*pro forma*) a liability, which in no manner nor degree inures to the benefit of the estate, nor to the benefit of either of the other six beneficiaries of the trust. Is it "justice" to the other six beneficiaries that the reckless and extravagant conduct of the one shall deprive them of all beneficial interest in the trust estate? *    *    *

Brief of Thos. Spight:

R. Palmer executed a deed to R. E. Palmer in trust for the benefit of the children of trustee, with power to sell, lease, or cultivate the land and defray expenses for the support and education of children.

One of the children of R. E. Palmer, and beneficiary in this trust, procured board, tuition, etc., with appellee, which is admitted to be due and unpaid.

The trustee was wholly insolvent and credit given on faith of trust estate.

Decree for appellee, subjecting *corpus* of the estate to be paid 1st December, 1883.

The power under which trustee is acting does not provide that

an equal distribution of the fund shall be made, but that the *corpus* and income of the estate should be employed for the support, maintenance, and education of all the heirs of the trustee.

I shall content myself with simply referring to authorities in support of my theory of the case without argument *in extenso,* and cite the court to the following, viz.: 2 Story's Equity Jurisprudence, 964; 36 Miss. 495–508; 53 Miss. 472–474; 54 Miss. 471, 359; 27 Miss. 119.

The decree is only for a small balance, and Palmer being wholly insolvent and the proceeds of cultivation of the land being so incumbered from year to year as to be beyond the reach of creditors, the only remedy of Lowry is against the land itself, which is clearly subject to it. 36 Miss. 495 is conclusive in this case.

OPINION.—COOPER, J., delivered the opinion of the court.

Though the father was trustee of an estate for the benefit of his children, the income and profits of which, and in the discretion of the trustee, the *corpus* itself were to be appropriated to the maintenance and education of the beneficiaries, it was nevertheless permitted to the father to devote his own estate or credit to the same purposes.

The mere fact that the appellee has a debt against the father for the education of one of the beneficiaries of the trust fund is insufficient to establish a charge on the trust estate.

This is all that is shown by the evidence in the cause, and the decree is *reversed.*