## T. N. JORDAN v. HOLMES & HERRICK.

[59 South. 809.]

1. LIMITATION OF ACTIONS. *Pleading. Counterclaim.*

In order that the statute of limitations may be availed of as a defense, it must be pleaded, so that the other party to the litigation may have an opportunity of avoiding it by setting up facts which remove the bar of the statute.

2. CLAIMS. *Counterclaims. Statute of Limitations. Pleading.*

Where a defendant in a suit against him pleads a set-off larger than the plaintiff's demand and seeks to use it not merely as a defense to plaintiff's demand but also to recover of plaintiff the difference, if plaintiff desires to avail himself of the statute of limitations he must plead it.

3. SAME.

The same reasons for pleading the statute exist, when it is sought to be used as a bar to a defendant's demand for judgment over

against a plaintiff, as would exist if defendant, instead of setting up his demand by way of counterclaim, had instituted an original suit against the plaintiff to recover it.

APPEAL from the circuit court of Harrison county.

HON. GEO. S. DODDS, Special Judge.

Suit by T. N. Gordan against Holmes & Herrick in which defendant filed a plea of set-off. From a judgment over for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. H. Mize,* for appellant.

By section 3117, Code of 1906, Holmes & Herrick were entitled to plead this set-off to the extent of the amount demanded by Jordan; because, if they held the set-off as they claimed against Jordan, then they had a right, even though it was barred by the statute of limitations, to plead it to the extent of the amount Jordan claimed they owed him, but, under *Field* v. *Coleman,* 72 Miss. 545, they could not recover against Jordan on this set-off anything over the amount that Jordan claimed they owed him.

In said case, at p. 548, the court makes use of the following language:

". . . cases in which persons having mutual and subsisting demands against each other, which might be used by either as a set-off in a suit brought by the other, the right of one becomes barred by limitation, and thereafter the other sues upon his unbarred claim. In such cases, the right of the defendant to interpose his demand, though barred, defensively, is preserved. He may not recover over against the plaintiff, but may defeat any recovery by the plaintiff.

It was not necessary nor could the appellant plead the statute of limitations to the set-off, because it would be of no avail to the extent of the amount Jordan might owe Holmes & Herrick, if any, because the appellees had the right to use the set-off, though barred, to the extent

of the amount Jordan was demanding against them, and the appellant could not plead the statute of limitations; but the appellees could not recover against Jordan any excess of their demand above that of Jordan, and the appellees had no right to an instruction for any excess and its being granted we contend is reversible error.

Appellee recognized that the account became due November 14, 1908, the date of the last item thereon, because the instruction told the jury to find interest from the date on any excess, and of course interest would not accrue till it was due.

We submit that, for the giving of said instruction, appellant is clearly entitled to a reversal of this case, and for the further errors assigned, to wit: because the verdict is contrary to the law and the evidence and because it was error to overrule appellant's motion for a new trial.

*Ford, White & Ford,* for appellees.

It is true that the court in *Field* v. *Coleman,* 72 Miss. 545, cited by counsel for appellant, uses language to the effect that a "set-off, barred, may be used defensively, but it cannot be used as a basis for a judgment against plaintiff for any excess," but in that case the court had reference to cases, such as the one then before it, where the set-off was barred before the beginning of the suit, and the question here presented was not before the court in that case.

The wisdom of that provision of section 3117 above quoted is well exemplified by attachment suits where the defendants desire to contest the attachment issue. In such cases a defendant in attachment having a valid set-off, about to become barred by the statute of limitations and being in excess of the amount sued for, would either be compelled to waive his plea in abatement and plead to the merits at once, or bring a separate suit on his set-off, unless section 3117 means just what it says, viz:

"The time of limitations of such debt or demand shall be computed in like manner as if an action had been commenced therefor at the time when plaintiff's action was commenced."

But was this set-off barred when pleaded? It is true that more than three years had elapsed since the date of the last item, but these items consisted of advances which the parties intended to adjust as the lumber contract was performed and the statute of limitations did not begin to run from their date. There was no plea of the statute of limitations filed and this issue was not tried in the court below.

SMITH, J., delivered the opinion of the court.

Appellant instituted this suit to recover of appellees a sum of money alleged to be due him by them. One of appellees' special pleas alleged, by way of set-off and recoupment, that appellant owed them a sum of money larger than the amount sued for, and asked judgment over against him for the difference between this amount and the amount of his claim. Appellant's replication to this plea was simply a general denial of the facts therein set forth. Judgment over having been rendered for appellees against appellant for the balance alleged by them to be due them, he appeals to this court, and contends that, when appellees' plea was filed, the account alleged to be due them by him was barred by the statute of limitations, and that, consequently, the court below erred in permitting the jury to render a verdict over against him.

In order that the statute of limitations may be availed of as a defense, it must be pleaded, so that the other party to the litigation may have an opportunity of avoiding it by setting up facts which remove the bar of the statute. *Hines* v. *Potts*, 56 Miss. 346. This appellant admits to be the general rule, but contends that since, in the case at bar, appellees were entitled to set up their

claim against him by way of recoupment, even though it might be barred by the statute of limitations, pleading the statute would have availed him nothing; consequently, it was neither necessary nor proper for him to do so. It is true that pleading the statute would have availed appellant nothing, in so far as appellees' right to use their set-off merely as a defense to his demand is concerned; but that did not relieve him from the necessity of pleading it, if he desired to set it up as a bar to their demand for judgment over against him. The same reason for pleading the statute exists, when it is sought to be used as a bar to a defendant's demand for judgment over against a plaintiff, as would exist if the defendant, instead of setting up his demand by way of counterclaim, had instituted an original suit against the plaintiff to recover it, and consequently the same rule which applies in the one case must also necessarily apply in the other.

*Affirmed.*