Yazoo & M. V. R. Co. *v.* McGee-Dean Co.

[76 South. 264, Division A.]

Limitation of Actions. *Pleading.*

The statute of limitations cannot be interposed by a demurrer but must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it.

Appeal from the circuit court of Washington county. Hon. F. E. Everett, Judge.

Suit by the Yazoo & Mississippi Valley Railroad Company against the McGee-Dean Company. From an order sustaining a demurrer to the declaration, plaintiff appeals.

This suit was instituted by the appellant as plaintiff in the court below, to recover of the appellee a balance alleged to be due on freight charges upon a shipment of cotton. The declaration alleged that the agent had undercharged the appellee. The suit was instituted almost six years after the shipment was made. The defendant demurred to the declaration, setting up the three-year statute of limitations on open account. The demurrer was sustained, and judgment entered for defendant, from which this appeal is prosecuted.

It is the contention of the appellant that the statute of limitations can only be pleaded by special plea and not by demurrer.

*Mayes, Wells, May & Sanders,* for appellant.

Can the defense of the statute of limitation be availed of in the circuit court by demurrer? Upon the first question we submit that in the circuit court the defense of the statute cannot be availed of by demurrer, but it must be specially pleaded. As to the proper way of pleading the statute of limitations we cite the following decisions of this court: *Hines* v. *Potts,* 56 Miss. 346, a suit at law, lays down the rule that the bar of the statute of limitations cannot be availed of by demurrer to the declaration, even though the cause of action stated may appear to be barred. *McNair* v. *Stanton,* 57 Miss. 298, a suit in the chancery court lays down the rule that it is competent to raise the defense of the statute of limitations by demurrer. *Shaultz* v. *Kemp,* 57 Miss. 218, was a suit in the circuit court but does not seem to squarely raise the question. *Cox* v.

*Free-Hold Land & Mortgage Co.,* 40 So. 739, a suit in the chancery court, refers to the above cases but decides that the issue was raised neither by plea or demurrer. *Y. & M. V. R. R. Co.* v. *Kirk,* 58 So. overruling the same case in 58 So. 710, the case being one in the circuit court, decides that the statute of limitations must be specially pleaded. *Jordan* v. *Holmes,* 59 So. 809, a case in the circuit court, refers to *Hines* v. *Potts,* and holds that the statute of limitations must be specially pleaded. *Central Trust Co.* v. *Railroad,* 64 So. 216, a case in the chancery court, lays down the rule that in equity, the defense of the statute of limitations can be made by demurrer, when the facts establishing it appear on the face of the bill.

It therefore appears to be well settled by the decisions of this court, that in law, the statute of limitations must be taken advantage of by special plea but in equity may be set up as a ground for demurrer.

The instant case was a suit at law, and we submit that the demurrer based upon the statute should have been overruled.

*Eugene Gerald* and *Percy Bell,* for appellee.

We submit that while the authorities quoted by appellant clearly indicate that the desirable method of pleading the statute of limitations is by plea and not by demurrer; that this mistake in pleading if mistake it were, does not constitute reversible error. If the demurrer had been overruled, or stricken out in the court below and the defendant asked to plead the same, issue would have been presented in that court as in this. There would have been no material effect upon the rights of the parties on account of this matter of technique in pleading.

We submit for the consideration of the court as to the consideration, which will be extended to technicalities of pleading, the following: *Gibson-Moore Mfg.*

*Company* v. *Meek,* 15 So. 786 and Rule 11 of this court. "No judgment shall be reversed on the ground of misdirection to the jury or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

Smith, C. J., delivered the opinion of the court.

The statute of limitations cannot be interposed by a demurrer, but "must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it." *Hines* v. *Potts,* 56 Miss. 346.

*Reversed and remanded.*