W. T. RALEIGH CO. *v.* FORTENBERRY *et al.*

(Division B. Nov. 12, 1923.)

[97 So. 722. No. 23624.]

LIMITATION OF ACTIONS. *Bar of statute of limitations cannot be availed of by demurrer to declaration; statute of limitations must be pleaded.*

> The bar of the statute of limitations cannot be availed of by a demurrer to the declaration, even though the cause of action set forth may appear to be barred; but the bar must be pleaded so that the plaintiff may have an opportunity to avoid it by replication.

APPEAL from circuit court of Neshoba county.
HON. G. E. WILSON, Judge.

Action by the W. T. Raleigh Company against H. L. Fortenberry and others. From an order sustaining a demurrer to the declaration and dismissing the cause of action, plaintiff appeals. Reversed and remanded.

*Wells, Stevens & Jones,* and *Austin & Pilgrim,* for appellant.

Just as mistakes will be made in the best regulated families, so mistakes will occasionally be made by trial courts in cases handled by good lawyers. In the case at bar the sole defense was a demurrer undertaking to raise the statutes of limitations. It is well settled that the statutes of limitations cannot be raised in a court of law by de-

murrer, but that this defense is an affirmative one, and must be specially pleaded.

Demurrer was not the proper way to raise any question of limitation. In the case of *Yazoo and Mississippi Valley Railroad Company* v. *McGee-Dean Company,* 115 Miss. 282, 76 So. 264, the present Chief Justice, speaking for the court said—"The statute of limitations cannot be interposed by demurrer, 'but must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it.' *Hines* v. *Potts,* 56 Miss. 346." It follows from the foregoing that this cause must be reversed and remanded for a new trial because the statute of limitations was attempted to be raised by demurrer and not by plea.

*Byrd & Byrd,* for appellees.

At the threshold of the argument in the case we are confronted by the question of the propriety of raising the statute of limitations by demurrer. In this case they are very much in the attitude of the colored brother who was advised by his lawyer that he couldn't be put in jail for a certain act, but the negro replied that it might be true, but there he was in jail. In this case the statute of limitations was raised by demurrer, the court entertained the demurrer, without any complaint or objection whatever from the plaintiff, and the demurrer was sustained and there was no offer by the plaintiff to amend the declaration so as to avoid the bar of the statute.

This court has held that the proper way to raise the statute of limitations is by plea, but nowhere does this court, or any other court, hold that when it is raised by the demurrer and the opposite party joins in the hearing of the demurrer without objection and without ever having made a motion to strike the demurrer as an improper pleading, that the case would be reversed for it.

In 31 Cyc., page 717, we find the following: "The general rule is that an objection to a pleading may be waived

by failure to urge the objection at the proper time, or by any act which in legal contemplation, implies an intention to overlook it;  .  .  ." And see authorities there cited. Surely the circuit court will not be put in error for entertaining this demurrer when the plaintiff raised no objection thereto, made no motion to dismiss it as an improper pleading or rather to strike the demurrer, and never offered to amend in any way, thereby confessing that it had made its case in the original declaration.

Cook, J., delivered the opinion of the court.

The appellant, W. T. Raleigh Company, an Illinois corporation, filed its declaration in the circuit court of Neoba county against H. L. Fortenberry for a balance of the purchase price of certain goods, wares, and merchandise theretofore sold and delivered to the defendant, Fortenberry, in pursuance of a written contract, which was made an exhibit to the declaration, and also against E. S. Richardson, W. D. Germany, and H. D. Bassett, appellees, as guarantors of the said Fortenberry under the terms of a written contract of guaranty which was also made an exhibit to the declaration. To this declaration the appellees filed a demurrer setting up, as the sole ground of demurrer, the bar of the statute of limitations. This demurrer was sustained and judgment entered dismissing the cause of action, and from this judgment this appeal was prosecuted.

It is settled by numerous decisions of this court that, in an action at law, the bar of the statute of limitations cannot be availed of by a demurrer to the declaration, even though the cause of action stated may appear to be barred. The statute of limitations "must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it." *Hines* v. *Potts,* 56 Miss. 346; *Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968; *Jordan* v.

*Holmes,* 102 Miss. 487, 59 So. 809; *Y. & M. V. R. R. Co:* v. *McGee-Dean Co.,* 115 Miss. 282, 76 So. 264.

It is unnecessary to now decide any of the other questions argued by counsel for appellant, and, for the error in sustaining the demurrer, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*