## TEXAS CO. *v.* SMITH COUNTY *et al.*

(Division B. Dec. 3, 1934.)

[157 So. 876. No. 31462.]

R. D. Cooper, of Meridian, for appellant.

**J. D. Martin**, of Raleigh, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellant sued the county in the circuit court on an open account. Appellee county demurred on the ground, first, that the declaration shows on its face that the statute of limitations had run against the account.

In the equity courts the statute of limitations may be raised by demurrer when the facts justifying it distinctly appear on the face of the bill, but this must be done by special demurrer. In actions in the law courts, special demurrers are abolished by section 553, Code 1930. Consequently, the bar of the statute of limitations cannot be availed of by demurrer to a declaration. Raleigh Co. v. Fortenberry, 133 Miss. 467, 97 So. 722.

Another ground of demurrer taken by the county is that the declaration fails to show any sufficient presentation of the claim to the board of supervisors, and demand for payment, before suit. The declaration alleges that the account was presented to the board by the attorney for appellant, and that order for payment was refused. This was sufficient. Clay County v. Chickasaw County, 76 Miss. 418, 24 So. 975.

As to the other grounds of demurrer, we think that the declaration "contains sufficient matter of substance

for the court to proceed upon the merits of the cause,'' section 521, Code 1930, Hastings-Stout Co. v. Walker, 162 Miss. 275, 285, 139 So. 622, and that we should not attempt decision upon those matters of merit until the facts for both sides are fully developed.

The demurrer to the declaration as amended should have been overruled.

Reversed and remanded.