RICHARD ARCHER et al. *v.* SAMUEL JONES et ux.

A defendant has a right to rely upon the defence of the statute of limitations in his demurrer to a bill filed against him; but that ground of defence should be specially taken in the demurrer.

The allegations in the bill that Mrs. C. took an estate for life in the slaves, is sufficient to show, in the absence of proof to the contrary, what was the nature of the estate vested in her by the laws of Virginia.

An act causing a forfeiture of the life-estate in property cannot work a forfeiture to the party in remainder. It can only affect the rights of the party committing the wrong.

The bill filed in this case seeks an account for hire of the slaves, and a decree for their delivery to J. and wife; and it is clear that the probate court is not a competent tribunal to grant such relief.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

Samuel Jones and wife filed their bill against Richard Archer et al. in the superior court of chancery. The bill states

Archer et al. *v.* Jones et ux.

that Stephen Cocke died in Amelia county, Virginia, in 1794, having first duly made his will, which was recorded 22d January, 1795.

By a decree rendered in October, 1803, Jane Segur Cocke, widow of testator, had one third of lands and slaves allotted to her as dower; all *persons interested in* Stephen's estate were parties to that decree.

Jane Segur has lately died, possessed of lands and slaves which she held as dower; some of the slaves are, and have for some time (since the death of Jane Segur Cocke), been in possession of R. T. Archer.

Complainant Anne B. Jones was widow of Joseph Cocke, who died intestate and without issue, in 1806.

By an agreement between Anne B. and the other persons interested in Joseph Cocke's estate, she renewed her interest in the personal estate, and exchanged her *dower in land for* certain slaves, and for the interest of Joseph Cocke in the dower estate, so held by Jane Segur Cocke. By this, complainants are entitled to one moiety of the reversion of Joseph Cocke and heirs, since Jane Segur's death, 1st April, 1835. No administration has been taken on the estate of Jane Segur, but Archer has used and enjoyed the slaves, for which, it is alleged, he ought to account.

The slaves were removed from Virginia without the knowledge or consent of complainants.

Jane Segur Cocke, by will, disposed of her whole estate. James Hobson, the executor in Virginia, has no assets of her estate.

Complainants filed a bill in Virginia, of which Archer had notice.

All the persons interested as devisees, have received more than their shares of the estate, and the property now remaining in the hands of R. T. Archer is not sufficient to pay the demands of complainants.

The bill prays an account of the hires and distribution of the property, for a receiver, and for general relief.

To this there was a general demurrer, which was overruled, and defendant Archer appealed.

*Potter* for appellants.

The demurrer was well taken.  1st. Complainants present a dower claim against the estate of Joseph Cocke, and that, with. a demand for hires of the slaves claimed, is their whole claim.

No representative of the former husband is before the court, and no one competent to defend his estate against the claim. No excuse is shown for the omission, and this court has repeatedly held such administrator a necessary party.  *King* v. *Marshall*, 2 Cushm. 91 ; *May* v. *Rockett*, 3 Ib. 233.

2d.  A court of chancery has no jurisdiction in the premises. The probate court is the proper forum.  Const. art. 4, § 18 ; *Steen* v. *Steen*, 3 Cushm. 533 ; *Blanton* v. *King*, 2 How. 856 ; *Carmichael* v. *Browder*, 3 Ib. 252.

3d.  Mrs. Jones has no just claim for hires.  She claims as a mere dowress one half of the interest of Joseph Cocke, in the slaves allotted to Mrs. Jane S. Cocke, and admits there were several others interested.  If she has a right of dower, she has no claim for hires until a specific allotment is made to her. The hires accruing prior to that time, are parcel of the estate of Stephen Cocke.

4th.  But we insist, that complainants have no claim, because the decree allotting the dower to Mrs. Jane S. Cocke, gave one third of the personalty to her, wholly and absolutely. That decree divides the estate " between the other ˅ complainants, and the defendant Jane Segur Cocke, so that she shall take of the value of one third thereof, and the other two thirds shall be distributed," &c.  There is no restriction or limitation, no suggestion that she took a mere life-estate.  She took, as the other parties took the two thirds interest, absolutely and in full property.  The words as to the third, are as broad and full as those relating to the other two thirds, and must receive the like construction.  Joseph Cocke, former husband of Mrs. Jones, was party to that decree, and bound by it.

5th.  If Mrs. J. S. Cocke had but a life-estate, the bill shows that she forfeited the same by removing the property to Mississippi, and of course she held it here as her own.  Complainants cannot, after lapse of half a century, come now and waive the forfeiture.  Indeed, they are not competent to waive it at all.

They claim under the estate of Joseph Cocke, and he or his distributees, with the other distributees of S. Cocke, alone could make such waiver.

6th. Joseph Cocke, during his life, had no possession or control of the slaves. If he had any interest, it was in remainder, and an undivided interest at that. Supposing the remainder, after the death of Mrs. J. S. Cocke, to belong to the distributees of Stephen Cocke, can Mrs. Jones, under such circumstances, claim to be endowed?

*A. Burwell,* for the appellees.

1st. By the law of Virginia, the estate of Jane Segur Cocke, allotted to her as her dower, was a life-estate in the slaves and lands so allotted. 1 Va. Revis. Code of 1819, 381. "Such widow shall be entitled to one third part of the slaves, whereof her husband died possessed, which she shall hold *during her* life; and at her death they and their increase shall go to such person or persons to whom they would have passed if no such declaration had been made."

Jane Segur Cocke renounced the provision made by the will of Stephen Cocke, and claimed a life-estate. By the will of Stephen Cocke, the property was to be equally divided between his three sons.

2d. The slaves were wrongfully removed from Virginia, and the statute (1 Rev. Code, 431), declares a forfeiture in favor of the reversioner and remainderman. But complainants waive this forfeiture, and go for the property and its hires.

3d. The bill presents the case of a reversioner entitled to one sixth of the property and its hires since 1835, claiming an account from the trustee, executor *de son tort,* or whatever character he may assume.

I presume this appeal is taken for delay.

Mr. Justice HANDY delivered the opinion of the court.

Several grounds have been taken here in support of the demurrer to the bill in this case, and are assigned for error in overruling the demurrer in the court below. The substance of them is embraced in the positions which we will proceed to notice.

First. The complainants' claim is alleged to be bound by lapse of time, and in virtue of the principle of the statute of limitations.

The demurrer here is general, the question of limitation not being specially raised by it. A defendant certainly has a right to rely upon the defence of limitation in his demurrer. But we are disposed to hold, that such ground of defence should be specially taken in the demurrer, in order that the complainant may have notice of it, and, if the merits of the case justify it, that he may have an opportunity of meeting the objection by amendment in the court below ; and for the further reason, that an objection against the bill should not be made in this court, when it was not made or considered in the court below. The defence in chancery, on the ground of limitation, is allowed by analogy to the rules at law ; and as such a defence must be distinctly made at law, we do not think it should be allowed in chancery and in an appellate court, unless it is specially set up as a ground of defence in the demurrer.

But in this case it does not clearly appear that this ground of defence to the bill should prevail. It appears from the general scope and tenor of the bill, that the slaves were brought by Jane S. Cocke from Virginia to this State, she holding a life-estate in them, and that she died in 1835, leaving them in the possession of the defendant Richard T. Archer, who had possession of them previous to her death, the complainant Mrs. Jones being entitled to the one moiety of the slaves after her death. In one part of the bill, it is stated that Archer " claims some sort of interest in them," but in other parts of the bill he is charged to hold them as executor, and subject to the claim of the complainants. It does not distinctly appear that he sets up any adverse title to the negroes. If he is to be regarded under the state of facts actually existing, as a trustee, holding for the use and benefit of Mrs. Jones, he could not claim the benefit of the defence of limitation against her claim. We, therefore, think it proper to leave this question of limitation for further investigation, when the rights and claims of the parties in this respect shall be presented by answer and proofs in such a manner as to exhibit it fully for consideration.

Secondly.  It is objected that the bill and exhibits show that the slaves allotted to Mrs. Jane S. Cocke belonged to her absolutely, in virtue of the division made in the State of Virginia, and that she did not hold them merely for life, with remainder to the complainant Mrs. Jones.

The bill distinctly alleges, that Mrs. Cocke had but a life-estate in the slaves, in virtue of the division made by the court in Virginia.  The proceedings of that court making the division, do not define the character and extent of the estate vested in her by the division.  It must be presumed to be such an estate as was authorized by the laws of that State, in cases of division of a deceased person's estate among his widow and children. It was defined and limited by law, and was not necessary to be specified in the proceedings in court making that division.  The allegation of the bill, therefore, that she took an estate for life, is sufficient to show, in the absence of proof to the contrary, what was the nature of the estate vested in her by the laws of Virginia.

Another objection urged against the bill is, that the representative of Mrs. Jones's former husband, in virtue of whom she asserts this claim, is not made a party to the bill, nor is the representative of Stephen Cocke made a party.

It appears by the bill, that there are no debts against her former husband, and that he died previous to the year 1806.  It further appears, that all the parties who could claim the property in right of representation or as next of kin to her former husband, bound themselves, in a bond executed in the year 1806, to "secure to her any legal or equitable right which she may by law be entitled to in the dower, either real or personal, which Mrs. Jane S. Cocke is now (was then) possessed of, as the widow of her deceased husband, Stephen Cocke;" which bond had reference to the interest of the complainant in said estate, in right of her deceased husband, Joseph Cocke, one of the heirs of Stephen Cocke, deceased.  There being no creditors of Joseph Cocke, and the interest of those who would have been entitled as his heirs being thus concluded, as is alleged by the bill, there was no necessity for the administrator of Joseph Cocke to be made a party.  The parties affected by

the agreement made in 1806, under which the complainants claim, are made parties, and have a right to contest the claim set up in the bill.    These persons and Archer, who has the property in possession, are the only parties who seem to be necessary under the allegations of the bill, which the demurrer admits to be true.    What are the rights secured to the complainants, in virtue of the agreement referred to, we do not undertake to say.    That question is open to the parties for investigation, in reference to the laws of Virginia, under which it was made, if they see proper to controvert and can disprove the rights of the complainants as set forth in the bill.

Nor was it necessary that the executors of Stephen Cocke should be made parties.    The property was divided out by them to the parties entitled, in the year 1803, his widow receiving the slaves in controversy to hold during her life, with remainder to the heirs of the testator.    Upon her death, they belonged to the heirs of Stephen Cocke, without the intervention of his executors.    After such a lapse of time, there could be no debts against the estate to affect the property, and there could therefore be no parties in interest but those entitled to the property or interested as heirs, upon the death of Mrs. Jane S. Cocke.

Again.    It is said that Mrs. Jane S. Cocke forfeited her dower interest or life-estate in the slaves, in virtue of the laws of Virginia, by removing them from that State.    If this be true, it certainly cannot prejudice the rights of the complainant Mrs. Jones, who was not implicated in the removal.    An act, causing a forfeiture of the life-estate, could not work a forfeiture to the party entitled in remainder.    It could only affect the rights of the party committing the wrong.

Lastly, it is contended that a court of equity has not jurisdiction, but that the proceeding should have been taken in the probate court.    There was no administration of the estate of Stephen Cocke, or of Joseph Cocke, granted by the probate court of this State, and on this ground, that court had not jurisdiction.    The bill seeks an account for hire of the slaves and a decree for their delivery to the complainants.    It is clear that the probate court was not competent to grant this relief in any

respect. We do not intend to express any opinion as to whether the complainants are entitled to hire from the defendant Archer. But that is part of the relief sought in the bill, and if, upon the merits of the case as they may be presented, this claim should be established, it is clear that the probate court could not give the relief sought.

The decree of the chancellor is affirmed, and the case remanded for further proceedings.