Russel et al *v.* Clark et al.

[75 South. 691, Division A.]

Principal and Surety. *Contribution. Sureties on tax collector's bond.*

Where a part of the sureties on a tax collector's bond of a county, paid the amount of his shortage, together with interest and the thirty per cent penalty prescribed by section 4357, Code 1906, for failure to make remittance promptly, they were entitled to contribution from the other sureties for the sum so paid, though the thirty per cent penalty was remitted and credit therefor allowed on the state's claim on account of another shortage of the same collector, but such sureties were not entitled to recover any part of money deposited in a bank to the credit of such tax collector, and afterwards applied by him or the bank to his defalcation occurring afterwards.

Appeal from the chancery court of Harrison county. Hon. W. M. Denny, Jr., Chancellor.

Suit by John B. Clark and others against D. T. Russel and others. From a decree for complainants, defendants appeal. And complainants cross-appeal.

One Reeves was tax collector of Harrison county during the years 1910 and 1911, and appellants and appellees were sureties on his official bond. During the month of May 1911, he collected privilege taxes due the state amounting to fourteen thousand, and fifty dollars,

and on June 10th reported to the state auditor that he had collected five thousand, two dollars, and fifty cents, for which amount, after deducting his commission, he made remittance. On July 22, 1911, he was checked up short by the state officials nine thousand, forty seven dollars and fifty cents, and demand was immediately made upon him to make good the shortage. Reeves was insolvent, and appellees and cross-appellant, who were a portion of his bondsmen, held a hurried meeting and decided that they would have to make good the shortage, and, in the hope of saving the penalty of thirty, per cent, imposed by section 4357 of the Code of 1906 for failure to make remittance promptly, they decided to make good the shortage at once. Thereupon they executed two notes payable to bearer, one for seven thousand dollars and one for eight thousand dollars and borrowed from the Bank of Commerce of Gulfport, Miss., the sum of fifteen thousand dollars and this amount was left with said bank to the credit of Reeves, tax collector, to cover his liabilities. Thereupon, there was turned over to the credit of the state the sum of nine thousand forty seven dollars and fifty cents shortage, together with two thousand seven hundred fourteen dollars and twenty five cents, damages, and eighty dollars and thirty six cents, interest on the amount of shortage from June 10th (the day when settlement should have been made) to July 22d, when the money was paid over, making a total of eleven thousand, eight hundred forty two dollars and eleven cents, paid the state on account of said shortage, and leaving a balance in said bank to the credit of said tax collector of three thousand, one hundred and fifty seven dollars and eighty nine cents.

Reeves continued to hold the office of tax collector until September 8, 1911, when he resigned, and during this period he continued to make collections in usual course and deposited a part of the money so collected by

him in said bank to the same account, and during said period checked out and used in making settlement with the state for taxes collected by him after July 22, 1911, all of the balance of the three thousand, one hundred and fifty seven dollars and eighty nine cents, deposited by appellees to cover the shortage, except one hundred and forty seven dollars and ninty cents, which amount was checked out for purposes not shown. Reeves did not deposit all of the taxes collected by him between these dates with the Bank of Commerce.

The appellees sued the appellants for contribution for the fifteen thousand dollars, paid by them as above set out, and, on reference of the case to a master, he found the facts to be substantially as hereinabove detailed. Shortly before this suit was filed, the state had filed another suit against the tax collector and appellants and appellees as his sureties for a balance of *ad valorem* taxes amounting to four thousand, three hundred and seventy seven dollars and seventy three cents, alleged to be due by Reeves. On account of the prompt payment of the shortage in privilege taxes on July 22, 1911, the executive department remitted the damages of two thousand, seven hundred and fourteen dollars and twenty five cents and the defendants to the suit by the state against the tax collector for shortage subsequently occurring claimed credit for the amount so remitted, and were allowed credit for that amount on the claim of the state. On the hearing the master's report was submitted, and the court decreed that the appellees, complainants below, should have and recover of defendants, appellants here (or such of them as were solvent), their aliquot part of the nine thousand, forty seven dollars and fifty cents, paid the state to cover the shortage of the tax collector on account of privilege taxes paid by appellees July 22, 1911, together with the interest on said amount from the date so paid to the date of the decree, and from this decree the ap-

pellants prosecuted this appeal. The appellees filed a cross-appeal from that part of the decree which declined to order contribution by appellants of their aliquot part of the two thousand, seven hundred and fourteen dollars and twenty five cents, paid to the state as damages, and, after said damages had been remitted by the executive department, applied as a credit to other shortages in the tax collector's account, and also for the item of eighty dollars and thirty six cents, interest, on the nine thousand, forty seven dollars and fifty cents, from June 10 to July 22, 1911. Appellees also appealed from that part of the decree which failed to order contribution by appellants of their aliquot part of the three thousand, nine dollars and ninty nine cents, paid to the state by the tax collector on account of shortage occurring after July 22, 1911, out of the balance of the deposit of three thousand, one hundred and fifty seven dollars and eighty nine cents, placed to his credit by appellees.

*White & Ford* and *Mize & Mize,* for appellants.

*Money & Brown* and *E. J. Bowers,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Appellees are not entitled to recover from appellants any part of the money deposited by them in the Bank of Commerce on the 22d day of July, 1911, to the credit of Williams Reeves, Jr., and thereafter applied by him or the bank to defalcations in Reeves' account with the state which thereafter occurred; but they are entitled to recover, not only the nine thousand, forty seven dollars and fifty cents, paid by them to the state on July 22, 1911, to cover the amount of privilege taxes for which William Reeves, Jr., was then in default, together with six per cent. interest thereon from that date, and which was allowed them in the court below, but they are also entitled, and should have been allowed, to recover of

appellants and cross-appellees the sum of two thousand seven hundred and fourteen dollars and twenty five cents damages due the state by Reeves on account of his defalcations prior to July 22, 1911, which was paid by them, and eighty dollars and thirty six cents, interest due the state on that date by Reeves on the money for which he was then in default and which interest was paid by the appellees; so that, on the cross-appeal, the decree of the court below will be reversed, and a decree entered here against each of the cross-appellees for his pro rata of the sum of eleven thousand, eight hundred forty-two dollars and eleven cents, with six per cent. interest thereon from July 22, 1911.

> *Reversed on cross-appeal, and decree here.*