DOLAN *et al. v.* TATE *et al.*

(Division A. Nov. 16, 1931.)

[137 So. 515. No. 29515.]

**J. F. Galloway,** of Gulfport, for appellants.

**R. E. Steen,** of Picayune, and **Simon Rosenthal,** of Jackson, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is a suit filed by the appellants to cancel the claim of the appellees to certain land as a cloud on their title thereto. A demurrer to the bill was sustained, and the bill was dismissed. It appears from the bill of complaint that the appellants, the complainants in the court below, are the widow and children of P. A. Dolan, who died intestate seized and possessed of the land. Dolan was a surety on the bond of William Reeves, Jr., sheriff and tax collector of Harrison county. Reeves defaulted, and the shortage in his account with the state and county was paid by several of his bondsmen, who thereupon brought suit against the other bondsmen, including Dolan, for contribution. While the case was pending, Dolan died, and the case was revived in the name of his administrator. Thereafter a final decree

was rendered, which, on appeal to this court, was reversed, and a decree was rendered here increasing the amount of the complainants' recovery (Russell v. Clark, 114 Miss. 898, 75 So. 691), and execution on this decree was sued out in the court below, and the land here in question was sold thereunder. The execution was against J. L. Taylor, administrator of the estate of P. A. Dolan, deceased, and the sheriff's deed to the purchaser at the execution sale recites that "I have this day according to law sold all of the interest and title. J. L. Taylor, Administrator of the Estate of P. A. Dolan, deceased," and conveys the land to the bidder, Perkins, in consideration of the sum bid therefor by him.

Perkins conveyed the land to Tate, and Tate conveyed it to Pickford on deferred payments, secured by a deed of trust on the land. Dolan's title traces through a tax sale, and Tate, after he became the purchaser of the land, filed a bill in the chancery court to confirm that tax sale, making all parties in interest defendants thereto by publication. The bill prayed "that the said tax title to the lands herein described be confirmed and quieted in your complainant as against all the defendants claiming title at the time of the sale for taxes." The court decreed in accordance with this prayer.

The appellees assert that, first, the sale of the land under the execution against Dolan's administrator vested the title thereto in the purchaser; and, second, the appellants are barred by the decree in the suit by Tate for the confirmation of the tax sale. In support of their first contention, the appellees say that the judgment against Dolan's administrator, because of section 1714, Code of 1930, has the same force and effect as it would have had it been rendered during Dolan's lifetime. That section provides that, "when either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may

prosecute or defend such action, and the court shall render judgment for or against the executor or administrator.'' This section permits the revival of a pending action in the name of the executor or administrator of a decedent therein, and relieves the plaintiff from probating his claim, Dillard & Co. v. Woollard, 124 Miss. 677, 87 So. 148; but the collection of the judgment rendered against the administrator is governed by the general statutes relating thereto. Under these statutes an administrator and creditors of the decedent, without a lien thereon, can obtain a sale of the decedent's land for the payment of his debts only in a proceeding for that purpose in which ''all parties interested shall be cited'' to appear. Sections 1689 to 1695, inclusive, Code of 1930. The execution sale deed, therefore, vested no title whatever in Perkins.

The decree in the tax title suit confirmed only the tax sale, and vested title to the land in Tate only ''as against all persons claiming the same under the title existing prior to the sale for taxes.'' Section 402, Code of 1930.

Another contention of the appellees is that the bill shows on its face that the claim of Mrs. Dolan to the land is barred by the statute of limitations. The only ground of the demurrer is that ''the bill shows on its face that the complainants have no cause of action.'' The demurrer therefore goes to the whole bill, and not to the claim only of one of the complainants therein. Moreover, under section 376, Code of 1930, each cause of a demurrer should be set out separately, and the bar of the statute of limitations is one of the grounds that must be specifically assigned. Archer v. Jones, 26 Miss. 583; Wood v. Ford, 29 Miss. 57; Central Trust Co. v. Meridian Light & Railway Co. (Miss.), 64 So. 216; W. T. Raleigh Co. v. Fortenberry, 133 Miss. 467, 97 So. 722. The defense of the statute of limitations is a personal privilege that a defendant may waive, ''and he will be

considered as waiving it unless he expressly plead it; therefore if he raise it by demurrer he ought to, and must, do so specially and specifically by such definite language as leaves no doubt that he is relying on that exact defense, although he may have other defenses and urges them also." Griffith's Chancery Practice, sections 296 and 300.

Another contention of the appellees is that, in order to obtain the cancellation of the defendants' claim to the land, complainants must offer to pay the judgment against J. L. Taylor, administrator, under which the land was sold, or the price paid by the purchaser therefor, and also to pay the taxes which may have been paid by the defendants on the land. We will leave out of view the failure to specifically allege this as a ground for demurrer, and express no opinion thereon.

The heirs of a decedent are under no personal obligation for the payment of his debts, and, while they take his nonexempt property subject to the payment of his debts, as hereinbefore stated, the land of a decedent can be subjected to the payments of his debts only in the manner provided by the statutes. From this it necessarily follows that the appellants are under no sort of obligation to the appellees because of the attempted sale of their property for the payment of their ancestor's debts.

It does not appear from the bill that any taxes have been paid by the appellees on the land, and the question of the appellants' liability for the repayment thereof will arise only when the payment thereof by the appellees is made to appear.

Reversed and remanded, with leave to the appellees to answer within thirty days after filing of the mandate in the court below.