ROBERTSON, Justice:
The appellant, Mrs. Junior Etta Aaron Simmons, brought suit in the Chancery Court of the Second Judicial District of Jasper County against appellees, Jean D. Harrison, Lee Harrison, Jr., Robert L. Ab-ney, Jr., and others, to remove and cancel clouds on her title to an undivided 1/2 interest in and to all the oil, gas and other minerals in 75 acres of land in Jasper Couhty. The appellees incorporated a general demurrer in their long answer and this demurrer was sustained, under the provisions of Mississippi Code 1972 Annotated, Section 15-1-37. The only error assigned was the sustaining of the general demurrer.
Mrs. Pearl Aaron died testate on July 19, 1959. In her Will, she named her daughter, Mrs. Junior Etta Aaron Simmons, executrix and also sole devisee. Claims totaling approximately $1400.00 were filed against the estate by decedent’s son, Walter Aaron, and his wife, Mrs. Walter Aaron. The executrix contested these claims and after a hearing the special chancellor allowed $798.40 of the claims of Mr. and Mrs. Walter Aaron. In its decree of July 28, 1960, the Chancery Court ordered the executrix to pay these two claims totaling $798.40.
On December 12, 1960, a short petition praying that the first annual and final account of executrix be approved and she discharged, was filed. In this petition the executrix recited that the only asset of the estate was an undivided 1/2 interest in the oil, gas and other minerals in 75 acres of land; that she was the sole devisee under the will; that claims totaling $798.40 were allowed in favor of Walter Aaron and his wife, Alberta Aaron. No order was entered on this petition.
On May 12, 1965, the chancery clerk of Jasper County issued an execution on judgment which commanded the sheriff:
“[0]f the real and personal estate of Junior Etta Aaron Simmons, you cause to be made the sum of Eight Hundred Sixteen and 40/100 Dollars, adjudged to be due to Walter Aaron and Mrs. Walter Aaron by the Chancery Court of the County of Jasper, in the State aforesaid, at the July Term, A.D. 1960, thereof on the 28 day of July, A.D. 1960,
The sheriff on May 14, 1965, levied on the mineral interest of Junior Etta Aaron Sim *170 mons in the 75 acres of land and the sheriff’s return showed that on July 5, 1965, he sold all the right, title and interest of Junior Etta Aaron Simmons in and to the minerals in the 75 acres of land to Jean D. Harrison, she being the highest and best bidder at $1300.00.
Thereafter on November 17, 1965, the sheriff filed a petition to confirm and approve his conveyance of July 5, 1965, to Jean D. Harrison. The summons on this petition to confirm was the first personal notice that Mrs. Junior Etta Aaron Simmons had of the execution sale. (A “Notice of Sheriff’s Sale under Execution” was published in The Jasper County News on June 3, 10 and 17, 1965). Mrs. Simmons did not answer or contest the petition to confirm.
On January 27, 1966, the Chancellor signed a decree affirming, confirming and approving nunc pro tunc the sheriff’s sale and conveyance, made on July 5, 1965, to Jean D. Harrison of the mineral interest of Junior Etta Aaron Simmons. The decree further ordered the Chancery Clerk to pay the sum of $816.40 to Walter Aaron and Mrs. Walter Aaron; the sum of $75.-00 to J. E. Ulmer, Jr., attorney, “for his services in this cause;” and after payment of the costs of execution and sale that any balance of the $1300.00 sale price be paid unto Junior Etta Aaron Simmons. A check for $67.28 was sent to Mrs. Simmons on February 16, 1966, which she refused to accept.
On January 26, 1967, the chancellor signed a decree approving the final account of the executrix, which final account had been on file since December 12, 1960.
The sole question involved in this appeal is whether the provisions of Mississippi Code 1972 Annotated § 15-1-37 apply and whether this action is barred under the two-year statute of limitations imposed therein.
Section 15-1-37 provides:
“An action shall not be brought to recover any property (a) sold by order of a chancery court, where the sale is in good faith and the purchase money paid, or (b) partited in kind or sold for partition where the purchase money is paid, unless such action is brought within two years after possession is taken by the purchaser under the sale of the property or by the taker under the decree of partition.” (Emphasis added).
The sheriff’s execution sale was not by specific order of the Chancery Court and Mrs. Simmons was not barred from bringing an action to remove clouds on her title.
The “order of a chancery court” contemplated in Section 15-1-37 is the order entered after the statutory procedure required in Mississippi Code 1972 Annotated, Sections 91-7-195, 91-7-197 and 91-7-199, has been followed'and the requirements of these three statutes met.
Section 91-7-195 provides:
“Any creditor of the decedent whose claim against the estate is registered shall have the right to file a petition, as the executor or administrator may, for the sale of land or personal property of the decedent for the payment of debts. The court shall hear and decide upon such petition, and decree as if the application had been made by the executor or administrator, and may order the exemtor or administrator to make the sale.” (Emphasis added).
Section 91-7-197 provides for notice to “all parties interested” in this way:
“When a petition shall be filed to sell or lease land to pay debts or otherwise affecting the real estate of a deceased person, all parties interested shall be cited by summons or publication, which shall specify the time and place of hearing the petition. If the petition be filed by a creditor or by a purchaser to correct a mistake in the description of the land, the executor or administrator shall be cited.” (Emphasis added).
*171 The hearing that must be had and the decree that may be rendered are set forth in Section 91-7-199:
“The court, after service of summons or proof of publication, shall hear and examine the allegations and evidence in support of the petition and the objections to and evidence against it, if any. If on such hearing the court be satisfied that the personal estate is insufficient to pay the debts of the deceased and that the land ought to be sold for that purpose, it may make a decree for the sale of a part or the whole of the land; . . .” (Emphasis added).
In Dolan v. Tate, 161 Miss. 615, 137 So. 515 (1931) Dolan’s descendants brought suit to remove a cloud from their title to lands of the decedent. These lands had been sold under an execution sale. This Court reversed the action of the lower court in sustaining a demurrer to the bill of complaint, stating:
“Under these statutes an administrator and creditors of the decedent, without a lien thereon, can obtain a sale of the decedent’s land for the payment of his debts only in a proceeding for that purpose in which rall parties interested shall be cited’ to appear. [Cites Code sections that are now §§ 91-7-187 through 91 — 7— 199, Miss.Code 1972 Anno.] The execution sale deed, therefore, vested no title whatever in Perkins.” 161 Miss, at 621, 137 So. at 516. (Emphasis added).
The bill of complaint stated a cause of action and, therefore, was not subject to general demurrer. The court erred in sustaining the general demurrer.
The decree of the chancery court sustaining the general demurrer to the bill of complaint is reversed and this cause remanded for a hearing on the merits.
Reversed and remanded.
GILLESPIE, C. J., and SUGG, WALKER and BROOM, JJ., concur.